### NOBLE v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. June 5, 1929.

No. 5268.

Leonard S. Coyne, of Detroit, Mich., for appellant.

John R. Watkins, of Detroit, Mich., for the United States.

Before DENISON, HICKS, and HICK-ENLOOPER, Circuit Judges.

PER CURIAM. The indictment in this case charged that the sheriff and some of his deputies in Jackson county, Mich., conspired with various transporters and sellers of intoxicating liquor, among whom was Noble, to permit the illegal traffic in return for bribe money to the officers. Noble, among others, was convicted, and he alone appeals.

The claim that there was no evidence substantially tending to connect him with the conspiracy, was duly preserved for review, but must be overruled. Not only does the bill of. exceptions fail to show that it contains all the evidence, but it affirmatively recites that the government gave evidence that certain of the transporters were employees of Noble and that Noble paid the sheriff and deputies money for his immunity. Either this failure or this recital is fatal to the claim now made.

Objection is made that the judge refused to instruct the jury to disregard any evidence of things occurring after January 1st, because the conspiracy had terminated at that time. Such a charge would only have been proper if the undisputed evidence had shown that the conspiracy did then terminate; and, since the bill of exceptions does not include all the evidence, we cannot say that the refusal was erroneous.

One other contention deserves comment. One Martin, after his arrest, made a written statement confessing his participation and implicating Noble. This statement was plainly not made in furtherance of the conspiracy, and so was not admissible in evidence against Noble. Upon objection, the judge so held, and directed that the statement be read to the jury, but with the omission of Noble's name wherever it occurred and the use instead of the word "blank." This was done. Other somewhat similar statements by other defendants implicating still others had been, received and read without any such elision. After the case was submitted, the jury asked for these statements. Counsel for Noble objected on the ground that Noble was not bound thereby. The trial judge said that the statements had once been read to the jury and it might as well have them. We think it clear enough that permitting this Martin statement to go to the jury in its complete form, after it had once been ordered that in the reading of it Noble's name must be eliminated, was an inadvertence which would have been corrected at once if Noble's counsel had called attention to it—indeed, so plainly an inadvertence that it was the duty of counsel not to permit it to pass unnoticed —and that counsel may not, by silence, acquiesce in such an oversight and then get the judgment reversed therefor. This view makes it unnecessary to consider whether such error as there might have been in this particular was cured by the careful instructions as to the limited effect to be given to all such statements.

The judgment is affirmed.